IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MICHAEL D. ALLISON,

    Plaintiff,

v.

CITY OF BRIDGEPORT, BARBIE MOREY, AND LAWRENCE COUNTY, ILLINOIS,

    Defendants.

Case No. 22-cv-02055-NJR

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

On September 1, 2022, Plaintiff Michael D. Allison filed a Notice of Removal in this District. (Doc. 2). He seeks removal of his civil action filed in Lawrence County Circuit Court in 2020—*Allison v. City of Bridgeport, IL.*, No. 20-CH-12. In the Notice of Removal, Allison raises a number of challenges to orders that were entered in that action. For the reasons set forth below, removal is improper, and this case shall be remanded to state court.

### Legal Standard

Removal of civil actions is governed by 28 U.S.C. § 1441. Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The party seeking removal bears the burden

of demonstrating federal jurisdiction, "and federal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court." *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009).

District courts have subject matter jurisdiction only in cases that raise a federal-question and cases in which there is diversity of citizenship among the parties. *See* 28 U.S.C. §§ 1331–32. Unless Allison's case falls into one of these two categories, the Court must remand. Allison removed the case under federal question jurisdiction, but for the following reasons, removal of Allison's case was improper—and remand is warranted for lack of jurisdiction.

## DISCUSSION

First, removal is unavailable to a plaintiff. As the plaintiff, Allison chose to file the action in state court. Section 1441 does not authorize him to remove his case to federal court under the circumstances.

Second, the Complaint as it existed at the time of the Notice of Removal failed to establish jurisdiction. "The federal question must appear in the well-pleaded complaint; a federal defense will not do." *Panther Brands, LLC v. Indy Racing League, LLC*, 827 F.3d 586, 589 (7th Cir. 2016). Specifically, courts look at complaints as they exist at the time the Notice of Removal is filed. *Shannon v. Shannon*, 965 F.2d 542, 545 (7th Cir. 1992).

Here, Allison's Complaint was filed in state court on June 22, 2020. (Doc. 2-2, p. 1). In Allison's Complaint, he explains that the on May 27, 2020, the City of Bridgeport sent a "Notice to Remediate" to him citing section 25-5-1 of the revised code of ordinances of the City of Bridgeport. (*Id.* at p. 3). Allison sought injunctive relief to give him the

opportunity and time to remediate his property without interference. (*Id*. at p. 4). Nowhere in the Complaint does Allison allege Constitutional violations or a federal claim. Allison alleges in his Notice of Removal that he brought an action arising under the Constitution and under Section 1983 and Section 1985, but the June 22, 2020 Complaint did not challenge the Notice to Remediate on constitutional grounds, but sought to remediate on his own and without interference.

Third, the Notice of Removal is untimely. A defendant must file a Notice of Removal of a civil action within 30 days of receiving the initial pleading setting forth a claim for relief or within 30 days after service of summons if the pleading is not required to be served on the defendant, whichever period is shorter. 28 U.S.C. § 1446(b)(1). Allison seeks removal of a 2020 case. Allison's Notice of Removal was filed long after the expiration of this 30-day deadline.

## Conclusion

For the reasons stated above, the Court finds that Allison's removal to federal court is improper. The Court hereby **REMANDS** this entire action to the Circuit Court, Second Judicial Circuit, Lawrence County, Illinois. The Clerk is **DIRECTED** to mail a certified copy of this Order of Remand to the Lawrence County Clerk of Court and close this case.

**IT IS SO ORDERED.**

**DATED:  September 12, 2022**

*Nancy J. Rosenstengel*
_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**