IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MICHAEL D. ALLISON,

      Plaintiff,

v.

CITY OF BRIDGEPORT, BARBIE MOREY, and LAWRENCE COUNTY, ILLINOIS,

      Defendants.

Case No. 22-cv-02055-NJR

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on Plaintiff Michael D. Allison's Motion for Reconsideration and Motion for Leave to Appeal *in forma pauperis* ("IFP"). (Docs. 12, 15). For the following reasons, these motions are denied.

**I.    Reconsideration**

A motion for reconsideration may be appropriate where the court has misunderstood a party, made a decision outside of the issues presented by the parties, made an error of apprehension, where a significant change in the law has occurred, or where significant new facts have been discovered. *Broaddus v. Shields*, 665 F.3d 846, 860 (7th Cir. 2011) (citing *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)).

On September 12, 2022, the undersigned remanded the matter to the Circuit Court, Second Judicial Circuit, Lawrence County, Illinois because removal is unavailable to plaintiffs—like Allison. (Doc. 8). *See e.g., Hamilton v. Aetna Life & Cas. Co.*, 5 F.3d 642, 643 (2d Cir. 1993) (noting that the "procedures for removal of actions to federal court and the review

of orders remanding those actions to state court are set out in 28 U.S.C. §§ 1441-1452 . . . [and] [n]o section provides for removal by a plaintiff"); *Yonkers Racing Corp. v. City of Yonkers*, 858 F.2d 855, 863 (2d Cir. 1988) ("Quite simply, a party who is in the position of a plaintiff cannot remove"); *Conner v. Salzinger*, 457 F.2d 1241, 1243 (3d Cir. 1972) ("It is settled that the cited removal statutes confine the right of removal from a state court to a federal district court to *a defendant or defendants*"); *In re Walker*, 375 F.2d 678, 678 (9th Cir. 1967) ("No right exists in favor of a person who, as plaintiff, has filed an action in the state court, to cause the removal of such action to a federal court"); *Martocchio v. Savoir*, 2009 WL 3248673, at *1 (D. Conn. Oct. 7, 2009) ("A plaintiff, however, is not allowed to remove a state court action to federal court"); *Daniels v. Connell*, 2008 WL 4104578, at *1 (W.D.N.Y. Sept. 3, 2008) ("The law is clear, however, that a plaintiff cannot remove his own action from state to federal court").

Besides removal being unavailable to Allison, the Court lacks subject-matter jurisdiction. (Doc. 8, p. 2). Allison argues that "this action became removable to this Court . . . because Plaintiff alleges a cause of action arising under the Constitution and laws of the United States pursuant to 42 U.S.C. §§ 1983 and 1985(2),(3), under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution and because the District Court for the Southern District of Illinois would have had subject-matter jurisdiction in the first place." (Doc. 12, p. 11). However, "under the well-pleaded complaint rule, 'federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's *properly pleaded complaint.*'" *Carcillo v. Nat'l Hockey League*, 529 F. Supp. 3d 768, 776 (N.D. Ill. 2021) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)) (emphasis added). Allison "acknowledges that [his] State Court Cause of Action, which was intended to act a Petitioner's Complaint against Respondents, was deficient and would not suffice in this

Court." (Doc. 12, p. 15). "Therefore, Plaintiff provided a true and correct copy of *Plaintiff's Proposed Complaint* and Demand for Jury Trial which was to be considered to be attached to Plaintiff's Notice of Removal of Pending State Court Action." (*Id*.) (emphasis added). The problem is plaintiff's *properly pleaded complaint* did not include a federal question. His *proposed amended complaint* is not operative. For these reasons, Allison's Motion for Reconsideration is denied.

II. **Motion for Leave to Appeal IFP**

Allison was never permitted to proceed IFP in this district court, but even if he was, Allison may only continue on appeal IFP without further authorization if his appeal is in good faith and his financial status has not changed. 28 U.S.C. § 1915(a)(1) & (3); FED. R. APP. P. 24(a)(3). "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000) (citing *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000)). Bad faith, on the other hand, means that a party has appealed on a frivolous theory, one that "no reasonable person could suppose to have any merit." *Lee*, 209 F.3d at 1026. The motion to proceed IFP must also be supported by an affidavit that: (1) shows the party's inability to pay or to give security for fees and costs; (2) claims an entitlement to redress; and (3) states the issues that the party intends to present on appeal. *See* FED. R. APP. P. 24(a)(1).

Here, Allison argues the issue on appeal is "all above named Defendants Appellees, of all interlocutory judgments, orders, and/or rulings of the District Court for the Southern District of Illinois, in the Court's Memorandum and Order (Doc. 8), entered in this cause of action on September 12, 2022 so appealable." (Doc. 15, pp. 1-2). But as noted above, the Court remanded the action because removal is unavailable to plaintiffs—like Allison—and the

Court lacks jurisdiction.

Further, Allison's appeal is not in good faith because "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1442 or 1443 of this title shall be reviewable by appeal or otherwise." 28 U.S.C. § 1447. Section 1442 does not apply as no federal officers or agencies are being sued or prosecuted. As for Section 1443, the text is clear: "[a]ny of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the *defendant* to the district court of the United States for the district and division embracing the place wherein it is pending . . . ." 28 U.S.C.A. § 1443 (emphasis added).

For these reasons, Allison's Motion for Leave to Appeal *in Forma Pauperis* (Doc. 15) is **DENIED**. Allison shall tender the appellate filing and docketing fee of $505.00 to the Clerk of Court in this District within **30 days** of the date of entry of this order. Alternatively, he may reapply for leave to appeal IFP directly with United States Court of Appeals for the Seventh Circuit.

**IT IS SO ORDERED.**

DATED:  October 7, 2022

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**